IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES PEACOCK                                                                            PETITIONER

v.                                                                     No. 3:07CV109-B-A

LAWRENCE KELLY, et al.                                          RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of James Peacock for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition. Peacock has not replied, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

**Facts and Procedural Posture**

James Peacock pled guilty to seven charges in the Second Judicial District of the Circuit Court of Yalobusha County. He is in the custody of the Mississippi Department of Corrections and housed at the Mississippi State Penitentiary at Parchman. The charges to which Peacock pled guilty, and the sentences imposed for each charge are:

(a)     Burglary of a building other than a dwelling (Count I); a term of seven (7) years pursuant to Miss. Code Ann. § 99-19-81.

(b)     Grand larceny (Count II); a term of five (5) years suspended; to run concurrently with Count I.

(c)     Assault on a law enforcement officer (Count III); a term of five (5) years suspended; to run concurrently with Count II.

(d)     Sale of a controlled substance (Count VII); a term of twenty (20) years, seven (7) years to serve with thirteen (13) years suspended; to run concurrently with Count I.

(e)     Sale of a controlled substance (Count VIII); a term of twenty (20) years, seven (7) years to serve with thirteen (13) years suspended; to run

>           concurrently with Count VII.
>
> (f)     Sale of a controlled substance (Count IX); a term of twenty (20) years,
>         seven (7) years to serve with thirteen (13) years suspended; to run
>         concurrently with Count VIII.
>
> (g)     Sale of a controlled substance (Count X); a term of twenty (20) years,
>         seven (7) years to serve with thirteen (13) years suspended; to run
>         concurrently with Count IX.

"Plea of Guilty and Judgment of the Court."

Peacock completed the seven-year term and was released on expiration of sentence by the Mississippi Department of Corrections on August 15, 2003. On October 15, 2004, following Peacock's arrest and indictment on new criminal charges, the circuit court held a revocation hearing and found that the state had presented sufficient evidence to warrant revocation of Peacock's previously suspended sentence of thirteen years. At the request of the prosecutor, the circuit court postponed sentencing on the revocation. On December 9, 2004, the circuit court entered an "Order Revoking Suspended Sentence," directing Peacock to serve as a habitual offender the previously suspended term of thirteen years imposed in Count VII.

On December 30, 2005, Peacock filed a *pro se* motion for post-conviction relief[1] in the Second Judicial District of the Circuit Court of Yalobusha County, Mississippi, in which he raised the following issues: (1) illegal sentence; (2) unlawful revocation of suspended sentence; (3) inadequate notice of the revocation hearing in violation of Peacock's right to due process; (4) double jeopardy; and (5) ineffective assistance of counsel. S.C.R., pp. 2, 5-7. On March 31,

---

[1] Peacock's post-conviction motion was not made a part of the appellate record; nor is it contained in the circuit court file. In addition, Peacock did not attach the motion to his petition for a writ of *habeas corpus*. There is no dispute regarding whether the motion was filed – as the motion was entered on the circuit court's General Docket, and the circuit court, in its order denying the motion, referred to the issues and arguments Peacock presented. State Court Record (S.C.R.), pp. 2, 5-7.

2006, the circuit court denied Peacock's post-conviction motion. *Id*. at 5-7.

Peacock then appealed the circuit court's denial of his post-conviction motion to the Mississippi Supreme Court, assigning as error the following (as stated by Peacock):

> A. Whether trial court erred in dismissing post-conviction relief (PCR) without an evidentiary hearing.
>
> B. Whether original sentence was illegal because trial court was authority to suspend imposition of sentence on prior convicted felon, or attach suspension on maximum sentence.
>
> C. Whether sentence has expired, probation or parole or conditional release was unlawfully revoked or unlawfully held in custody.
>
> D. Whether Defendant was denied due process of law, where trial court failed to give advanced notice, date and time of revocation hearings. And where trial court imposed suspended sentence and failed to explicitly inform defendant of the terms and conditions upon which his sentence was contingent and could be properly revoked.

On March 27, 2007, the Mississippi Court of Appeals affirmed the lower court's denial of petitioner's post-conviction motion. *Peacock v. State*, 963 So.2d 1180 (Miss. App. 2007)(Cause No. 2006-CP-00804-COA), *reh'g. denied*, September 4, 2007.

In the instant petition for writ of *habeas corpus*, he raises the following issues (set forth verbatim as stated by Peacock):

> **Ground One**: Whether the trial court erred in dismissing post-conviction (PCR) without an evidentiary hearing.
>
> **Ground Two**: Illegal sentence.
>
> **Ground Three**: Whether sentence has expired. Probation, parole or conditional release was unlawfully revoked or unlawfully held in custody.
>
> **Ground Four**: Due process.

After initial review of Peacock's petition and the state's answer, the court required the parties to submit additional briefing regarding Peacock's claim that the trial court lacked the authority to revoke the suspended sentence. Briefing on this issue is complete.

**Procedural Default**

Peacock's claims in Grounds One, Two, Three, and Four in the instant petition have never been presented to the state's highest court in a procedurally proper manner. The grounds raised in the instant petition were reviewed and denied by the Mississippi Court of Appeals in its opinion on March 27, 2007. Thereafter, Peacock sought rehearing on his claims, which the court of appeals denied on September 4, 2007. Although Peacock had the right to seek further review by filing a petition for writ of *certiorari* in the Mississippi Supreme Court, he decided to forego such review, stating in the instant petition that he believed seeking such review would be a "waste of time." Petition, p.4.

The decision rendered by the Mississippi Court of Appeals is final and not reviewable except by writ of *certiorari*. Rule 17(a) of the Mississippi Rules of Appellate Procedure provides that:

> A decision of the Court of Appeals is a final decision which is not reviewable by the Supreme Court except on writ of certiorari. Review on writ of certiorari is not a matter of right, but a matter of judicial discretion. The Supreme Court may grant a petition for writ of certiorari on the affirmative vote of four of its members and may, by granting such writ, review any decision of the Court of Appeals. Successive review of a decision of the Court of Appeals by the Supreme Court will ordinarily be granted only for the purpose of resolving substantial questions of law of general significance. . . .

Rule 17(a) lists the types of cases for which review is ordinarily limited, but the rule also states:

>Notwithstanding the presence of one of more of these factors, the Supreme Court may decline to grant a petition for certiorari for review of the decision of the Court of Appeals. The Court may, in the absence of these factors, grant a writ of certiorari.

Appellants in Mississippi state court have no right to review by the Mississippi Supreme Court, but retain the right to *seek* such review, which the court may grant or deny. *Harris v. State*, 704 So.2d 1286, 1288 (Miss. 1997), *abrogated on other grounds by Jackson v. State,* 732 So. 2d 187 (Miss. 1999); *Cohen v. State,* 732 So. 2d 867, 871 (Miss. 1999). In this case, Peacock did not file a petition for writ of *certiorari* in the Mississippi Supreme Court. As he did not seek the second step of discretionary review in the Mississippi Supreme Court, he has not exhausted his state court remedies as required by 28 U.S.C § 2254(c). *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999).

A state prisoner must present his claims to a state supreme court in a petition for discretionary review when that review is part of the State's ordinary appellate review procedure. *O'Sullivan,* 119 S.Ct. at 1730. Peacock did not seek such review; as such, he did not give the state one full opportunity to resolve any constitutional issues during the state's appellate review process. *O'Sullivan*, 119 S.Ct. at 1732. Further, Peacock may no longer exhaust his state remedies, as the time for filing a petition for writ of *certiorari* has expired. MISS. R. APP. P. 17(b). As such, Peacock's claims in the instant petition are procedurally barred. *O'Sullivan*, 119 S.Ct. at 1734 (citing *Coleman v. Thompson,* 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

**Overcoming the Procedural Bar**

Peacock argues that he may overcome the procedural bar because he is actually innocent of the sentence imposed upon revocation of his suspended sentence. Federal courts reviewing a

state prisoner's *habeas corpus* claims may not rule upon claims the state court has found to be defaulted by an independent and adequate state procedural rule – unless the petitioner can show cause for the default and actual prejudice resulting from it – or that application of the procedural default would result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750; *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted). Peacock has not shown cause for his default because no external impediment prevented him from raising the claims in a petition for writ of *certiorari* in state court. *United States v. Flores,* 981 F.2d 231 (5th Cir. 1993); *Hill v. Black,* 932 F.2d 369 (5th Cir. 1991). As Peacock has not shown cause, the court need not consider whether he suffered prejudice. *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996); *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992). In addition, the court's decision to apply the default will not result in a fundamental miscarriage of justice. *Martin,* 98 F.3d at 849 (*citing Sawyer v. Whitley,* 505 U.S. 333 (1992)). Peacock argues that the trial court lacked the authority to revoke his suspended sentence and impose the remaining thirteen years of incarceration. Thus, he argues that he is actually innocent of the sentence imposed. "In order to be actually innocent of a non-capital sentence, [Peacock] must show that 'but for the constitutional error[s] he would not have been legally eligible for the sentence he received.'" *Sones v. Hargett*, 61 F.3d 410, 418 (5th Cir. 1995)(quoting *Smith v. Collins*, 977 F.2d 951, 959 (5th Cir. 1992).

    Peacock notes that no order entered on the state court docket sets forth any conditions whatever regarding his suspended sentence. Thus, Peacock argues that, as a matter of reason, the state could not revoke his suspended sentence for violating terms that do not exist. In this regard, Peacock does not understand the differences among supervised probation[2], post-release

---

[2]MISS. CODE ANN. § 47-7-33.

supervision[3], and a suspended sentence in Mississippi law. He is not alone in his misunderstanding. *See Johnson v. State of Mississippi*, 925 So.2d 86 (Miss. 2006) (reviewing the history of confusion regarding the role of the Mississippi Department of Corrections and courts in the handling of suspended sentences, supervised probation, and post-release supervision). The trial court suspended thirteen years of Peacock's twenty-year sentence. A court may suspend a prior convicted felon's sentence – in whole or in part – as long as the sentence does not involve a period of supervised probation and does not exceed the statutory maximum penalty for the offense. *See* MISS. CODE ANN. § 47-7-33; *Johnson v. State of Mississippi*, 925 So.2d 86, 105 (Miss. 2006). Supervised probation is limited to five years, but a suspended sentence and post-release supervision are "limited only to the number of years, which when added to the total period of incarceration, would not exceed the maximum" statutory penalty for the offense committed. *Id.* In addition,

> Undoubtedly it is the better practice for the court to announce specifically the terms and conditions under which probation is granted. It is, however, universal practice, everywhere understood, that the minimum requirement for the continuance of judicial grace is that the defendants shall not, during the probationary period, again commit a felony. This, every defendant undoubtedly understands when seeking or accepting probation. Without such condition the very term "probation" is meaningless.

*Whitehead v. United States*, 155, F.2d 460 (6th Cir. 1946). Finally, regarding the quantum of proof necessary to revoke a suspended sentence, even when a state does not prove that a defendant committed a crime that would be a basis for revocation, a circuit court may revoke a defendant's suspended sentence upon "actual proof that the defendant engaged in . . . criminal conduct." *Grayson v. State*, 648 So.2d 1129, 1134 (Miss. 1994), citing *State v. Esprinal*, 488 So.2d 228, 229

---

[3]MISS. CODE ANN. § 47-7-34.

(La. 1986). The state provided such proof during a revocation hearing held on October 15, 2004, at the Panola County Courthouse in Batesville, Mississippi. A police officer testified that Peacock was arrested on charges of armed robbery and assault, and that the victim of the crimes identified Peacock in a photographic lineup. At the revocation hearing, the victim (a 72 year old retired Baptist minister) identified Peacock as the man who entered his home, threatened him with a switchblade knife, then beat, kicked, and stomped him. This testimony qualifies as "actual proof that the defendant engaged in . . . criminal conduct." *Id.*

Peacock also argues that the state erred in suspending thirteen years of his twenty-year sentence because he was convicted as a habitual offender and not entitled to such a suspension. State law does not, however, permit the invalidation of a sentence when a defendant erroneously receives a sentence that is *more lenient* than that required by law. *Peacock*, 963 So.2d at 1182. This claim is without merit and will be dismissed.

In sum, Peacock's sentence was lawfully imposed; the revocation proceeding comported with due process, and despite the fact that he was not convicted of the charges used to revoke his suspended sentence, the state presented actual proof that he had, in fact, committed the new crimes. Therefore, the state court did not constitutionally err in sentencing Peacock, and the state law error, which inured to Peacock's benefit, cannot be reviewed in federal court. As such, no fundamental miscarriage of justice will occur if Peacock's claims in Grounds One, Two, Three, and Four are not considered on the merits. Hence, Peacock's request for relief will be denied on all grounds. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 11th day of January, 2010.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE